DOCKETED
Nov 1 4 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY W. STILES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03C 8137 |
| | ) | |
| CITY OF CHICAGO, a | ) | JUDGE BUCKLO |
| municipal corporation, and | ) | |
| CHICAGO POLICE OFFICER | ) | |
| CLAY WALKER, individually and | ) | MAGISTRATE JUDGE LEVIN |
| in his official capacity, | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Emily Stiles, by and through her undersigned attorneys, for her Complaint against Defendants City of Chicago and Chicago Police Officer Clay Walker, states and alleges as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3), in that all defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

### The Parties

3. Defendant City of Chicago is a municipal corporation, and is incorporated under the laws of the State of Illinois and was, at all times material to this Complaint, the employer of Defendant Chicago Police Officer Clay Walker.

4. Defendant Clay Walker was, at all times material to this Complaint, a duly appointed Chicago Police Officer and a citizen of the State of Illinois. On information and belief, Defendant Walker resides in the City of Chicago. Plaintiff is suing Defendant Walker in his individual and official capacity. Defendant Walker is a white male.

5. Plaintiff Emily W. Stiles is a 22 year old college student who resides in the City of Chicago. Emily is a white female.

**Background**

6. This is a section 1983 civil rights action seeking damages against Defendants City of Chicago and Chicago Police Office Clay Walker for committing acts, under color of law, which deprived Plaintiff Emily Stiles of rights secured by the United States Constitution and the laws of the United States.

7. This action arises from the unlawful and malicious detention, arrest and beating of Emily in the early morning hours of May 6, 2003.

8. At approximately 12:30 a.m. on the morning of May 6, 2003, Emily was driving in her 2000 Ford Expedition with her roommate and her roommate's boyfriend, an African American. Emily stopped for gasoline at an Amoco station located on the corner of North Avenue and Elston Avenue in the City of Chicago.

9. Defendant Walker was on duty in a marked Chicago Police Department squad car at the time Emily pulled her vehicle into the Amoco station. Defendant Walker's patrol car was parked in this same Amoco station.

10. While Emily was pumping gasoline, the African American male dating Emily's roommate exited the Ford Expedition and began a conversation with Emily.

11. On information and belief, Defendant Walker observed the African American male talking to Emily outside of her vehicle.

12. As Emily exited the Amoco parking lot, Defendant Walker followed Emily in his patrol car and pulled her over shortly thereafter.

13. Defendant Walker stated in his Arrest Report that he pulled over Emily after she made an "improper right turn."

14. Defendant Walker reported that after stopping Emily, he discovered that her license plates were suspended. Defendant Walker arrested Emily and transported her to the fourteenth district station of the Chicago Police Department.

15. Upon arrival at the fourteenth district station, Emily was placed in an interrogation room and handcuffed. Defendant Walker proceeded to harass Emily with insults and profanity.

16. Defendant Walker kicked a garbage can at Emily and then threw his paperwork at her. Both the garbage can and the paperwork hit Emily. A fellow Chicago Police officer, Officer Velisaris, told Defendant Walker to calm down.

17. After more than an hour in police custody, Defendant Walker decided that he would now administer field sobriety tests and a breathalyzer test.

18. Emily complied with Defendant Walker's request for field sobriety tests.

19. Emily also complied with Defendant Walker's demand for a breathalyzer test. Emily attempted to blow into the breathalyzer machine several times, but each reading registered on the machine as undetectable.

20. Emily told Defendant Walker that she would be willing to submit to a blood test to show that she was not intoxicated. Instead, Emily was placed back in the interrogation room and re-handcuffed.

21. Defendant Walker then entered Emily's interrogation room and began to berate her once again. Emily offered to go to the hospital for a blood test. Defendant Walker then made insulting comments to her about being pregnant, which she was not.

22. While Emily was handcuffed, Defendant Walker, without legal justification or warning, struck her in the face with a closed fist.

23. The impact of Defendant Walker's strike was so severe that Emily has suffered permanent nerve damage.

24. Officer Velisaris returned to the interrogation room and moved Emily to a different room. Emily asked Officer Velisaris for some candy because she is hypoglycemic, and she was feeling weak. Officer Velisaris brought her a can of Mountain Dew soda.

25. Defendant Walker entered the room, grabbed the can of soda, poured it on Emily and shouted profanities at her.

26. Defendant Walker and Officer Velisaris subsequently had a conversation that was overheard by Emily. In this conversation, Officer Velisaris stated to Defendant Walker, among other things: "That's why no one wants to work with you because of your attitude."

27. Emily was neither released at this point nor given any medical treatment. Instead, Defendant Walker arrested Emily for driving while under the influence of alcohol ("DUI").

28. In total, Emily was in police custody on May 6, 2003 for more than eleven hours before being released.

29. Emily's driver's license was suspended as a result of the DUI arrest.

30. Emily's vehicle was impounded, and she incurred significant charges for the release of said vehicle.

31. Emily at no time while operating her motor vehicle was under the influence of alcohol.

32. Defendant Walker's arrest of Emily was unlawful and in violation of the United States Constitution and the laws of the United States.

33. Emily immediately filed a complaint with the Chicago Police Department's Office of Professional Standards, who investigated the conduct of Defendant Walker.

34. Emily was forced to retain counsel to defend her in the DUI charge.

35. Prior to trial, the Cook County State's Attorney's Office dismissed the DUI charge against Emily in its entirety by way of *nolle prosequi*. The dismissal was the final determination of said charge.

36. Emily's citations for allegedly making an improper right turn and for suspended license plates were also dismissed by the Cook County State's Attorney's Office.

37. At all times material to this Complaint, Defendant Walker acted in his capacity as a duly appointed Chicago Police Officer under color of the statutes, customs, ordinances, and usage of the State of Illinois, the City of Chicago and the Chicago Police Department.

38. At all times material to this Complaint, Defendant Walker acted within the scope of his employment as a Chicago Police Officer.

## COUNT I
**Section 1983 Claim For Excessive Force Against Defendant Walker**

39. Plaintiff Emily Stiles restates and incorporates all of the above paragraphs as if fully set forth herein.

40. Emily was handcuffed in an interrogation room at the time Defendant Walker struck her in the face with a closed fist.

41. Defendant Walker's actions were not reasonable or justified under the circumstances.

42. Defendant Walker intentionally, or with deliberate indifference and callous disregard of Emily's rights, deprived Emily of her rights under the Fourth and Fourteenth Amendments of the United States Constitution, and Emily's rights under 42 U.S.C. § 1983.

43. As a direct and proximate result of Defendant Walker's unlawful deprivation of Emily's rights, as stated above, Emily was damaged, as follows: Emily suffered serious and permanent bodily injuries, which also caused her to suffer pain, discomfort, and mental anguish and which are reasonably certain to cause her to suffer pain, discomfort, and mental anguish in the future; Emily has lost a normal life and is reasonably certain to experience the loss of a normal life in the future; Emily has lost earnings and benefits and is reasonably certain to lose earnings and benefits in the future; Emily's earning capacity has been diminished; Emily has incurred medical expenses and is reasonably certain to incur additional medical expenses in the future; Emily has been restricted in her usual activities and affairs and is reasonably certain to be restricted in her

usual activities and affairs in the future; and Emily suffered public humiliation as a result of Defendant Walker's conduct.

## COUNT II
### Section 1983 Action For False Arrest Against Defendant Walker

44. Plaintiff Emily Stiles restates and incorporates all of the above paragraphs as if fully set forth herein.

45. There was no warrant for the DUI arrest of Emily on May 6, 2003.

46. The DUI arrest of Emily on May 6, 2003 was without probable cause for Defendant Walker to believe that Emily had committed the offense of DUI, and Defendant Walker knew that he was without probable cause to arrest Emily for DUI.

47. Defendant Walker did not pull over Emily's vehicle based on any suspicion of DUI. Indeed, Defendant Walker's own Arrest Report in this matter states that he pulled over Emily's vehicle because she had allegedly made an improper right turn.

48. Defendant Walker's stated justification for the initial stop of Emily was pretextual, as Emily at no time in the course of said events made an improper right turn.

49. On information and belief, Defendant Walker's stop of Emily was racially motivated. Emily is a young, attractive, white female who was driving in a newer sport utility vehicle with a black man.

50. On information and belief, Defendant Walker became enraged at the sight of a young, white girl driving around and associating with a black male in the early morning hours.

51. At no time during the initial traffic stop of Emily did Defendant Walker request that she perform field sobriety tests.

7

52. Defendant Walker's "investigation" into whether Emily had been driving while under the influence of alcohol was abusive and undertaken solely as a means of harassment.

53. Defendant Walker had no reasonable basis to request that Emily submit to a breathalyzer examination. Nevertheless, Emily complied with Defendant Walker's request by attempting to perform the breathalyzer test several times.

54. When the breathalyzer repeatedly failed to register the results of Emily's blows, Emily offered to undergo blood work in order to prove to Defendant Walker that she had not been driving while under the influence of alcohol. For obvious reasons, Defendant Walker never submitted Emily for blood testing. Instead, Defendant Walker simply arrested her for DUI.

55. Defendant Walker intentionally, or with deliberate indifference and callous disregard of Emily's rights, deprived Emily of her liberty without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

56. As a direct and proximate result of Defendant Walker's unlawful and malicious deprivation of Emily's rights, namely her arrest and confinement for DUI, Emily was damaged, including public humiliation, mental, emotional and physical suffering and anguish.

57. Emily was also forced to pay fines and towing expenses, and to retain and pay a lawyer to defend the baseless charges drawn up by Defendant Walker, and she lost the use of her driver's license and vehicle for several months.

## COUNT III
### State Claim Against Defendant Walker
### For Intentional Infliction of Emotional Distress

58. Plaintiff Emily Stiles restates and incorporates all of the above paragraphs as if fully set forth herein.

59. Defendant Walker's conduct in stopping, arresting and beating Emily, as detailed above, was extreme and outrageous.

60. Defendant Walker's conduct was willful and wanton.

61. Defendant Walker intended to cause severe emotional distress to Emily or knew that his conduct would result in a high probability of severe emotional distress to Emily.

62. Emily suffered severe emotional distress as a result of Defendant Walker's extreme and outrageous conduct, as detailed above.

## COUNT IV
### State Battery Claims Against Defendant Walker

63. Plaintiff Emily Stiles restates and incorporates all of the above paragraphs as if fully set forth herein.

64. Defendant Walker's actions of hitting Emily with a garbage can, hitting her with his paperwork, hitting her with a closed fist and pouring soda on her constitute four separate batteries under Illinois tort law.

65. In each instance, Defendant Walker intended to cause harm to Emily and intended for his conduct to be offensive.

66. Defendant Walker's conduct did cause harm to Emily, and his conduct was offensive.

67. Defendant Walker's conduct was willful and wanton.

68. Defendant Walker's actions were not reasonable and were not justified under the circumstances, as described above.

69. As a direct and proximate result of Defendant Walker's unlawful conduct, as stated above, Emily was damaged, as follows: Emily suffered serious and permanent bodily injuries, which also caused her to suffer pain, discomfort, and mental anguish and which are reasonably certain to cause her to suffer pain, discomfort, and mental anguish in the future; Emily has lost a normal life and is reasonably certain to experience the loss of a normal life in the future; Emily has lost earnings and benefits and is reasonably certain to lose earnings and benefits in the future; Emily's earning capacity has been diminished; Emily has incurred medical expenses and is reasonably certain to incur additional medical expenses in the future; Emily has been restricted in her usual activities and affairs and is reasonably certain to be restricted in her usual activities and affairs in the future; and Emily suffered public humiliation as a result of Defendant Walker's conduct.

## COUNT V
### Section 1983 Claim Against Defendant City Of Chicago
### For Failure To Properly Train, Supervise and Discipline

70. Plaintiff Emily Stiles restates and incorporates all of the above paragraphs as if fully set forth herein.

71. Defendant City of Chicago has a policy or custom of not properly training its police officers to report constitutional violations committed by other police officers.

72. Defendant City of Chicago has a policy or custom of not appropriately disciplining its police officers when they have committed constitutional violations.

73. Defendant City of Chicago has a policy or custom of not properly supervising police officers who have committed prior constitutional violations, and/or who are likely to commit future constitutional violations.

74. The damages suffered by Emily, as detailed above, are a direct and proximate result of Defendant City of Chicago's deliberate indifference to the constitutional rights of its residents, including Emily.

75. Defendant City of Chicago's failure to properly train, discipline and supervise its police officers caused a deprivation of Emily's rights under the United States Constitution and 42 U.S.C § 1983.

76. Defendant City of Chicago is fully knowledgeable of its shortcomings in training, discipline and supervision, as described in the preceding paragraphs.

77. On information and belief, the damage caused to Emily as a direct and proximate result of Defendant City of Chicago's polices and customs, as described in the preceding paragraphs, has resulted in many instances of constitutional violations of City of Chicago residents.

78. On information and belief, Defendant Walker was known to his fellow police officers and Defendant City of Chicago as a bad seed who had previously violated the constitutional rights of residents of the City of Chicago.

79. Defendant City of Chicago allowed Defendant Walker, through deliberate indifference or callous disregard of Emily's rights under the United States Constitution and 42 U.S.C. § 1983, to remain unsupervised and undisciplined.

80. Defendant Walker's fellow police officers, including Officer Velisaris, knew that Defendant Walker was not properly supervised or disciplined.

81. As a direct and proximate result of Defendant City of Chicago's policy or custom of not properly training its police officers, including Officer Velisaris, to report constitutional violations committed by other police officers, Defendant Walker was able to violate Emily's rights.

82. As a direct and proximate result of Defendant City of Chicago's policy or custom of not properly training, supervising and disciplining its police officers, Emily was damaged, as described above.

### Prayer for Relief

WHEREFORE, Plaintiff Emily W. Stiles respectfully requests that the Court grant her the following:

1. Against Defendant Clay Walker, individually and in his official capacity, and Defendant City of Chicago, jointly and severally, an award of compensatory damages in an amount exceeding $100,000;

2. Against Defendant Clay Walker individually for punitive damages in an amount exceeding $250,000;

3. Against Defendant Clay Walker, individually and in his official capacity, and Defendant City of Chicago, jointly and severally, an award of the costs that Plaintiff Emily Stiles has incurred in bringing this action;

4. Against Defendant Clay Walker, individually and in his official capacity, and Defendant City of Chicago, jointly and severally, an award of reasonable attorney's fees in connection with bringing this action; and

5. Any such other relief as the Court deems just and equitable.

## Jury Demand

Plaintiff Emily W. Stiles demands a trial by jury on all issues triable to a jury.

PLAINTIFF EMILY W. STILES

By: _____
One of Her Attorneys

Richard A. Duffin
Shyam N.S. Dixit, Jr.
DUFFIN & DIXIT, LLP
53 W. Jackson Blvd.
Suite 1501
Chicago, IL 60604
(312) 566-0911

November 13, 2003

13

#2




FILED-EDS
03 NOV 13 PM 3:28
CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

DOCKETED
NOV 14 2003

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** EMILY W. STILES

**Defendant(s):** CITY OF CHICAGO and CHICAGO POLICE OFFICER CLAY WALKER

County of Residence: Cook

County of Residence: Cook

Plaintiff's Atty: Richard A. Duffin
Duffin & Dixit, LLP
53 W. Jackson, Suite 1501,
Chicago, IL 60604
312-566-0911

Defendant's Atty:

JUDGE BUCKLO
03C 8137
MAGISTRATE JUDGE LEVIN

II. Basis of Jurisdiction: 3. Federal Question (U.S. not a party)

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

IV. Origin : 1. Original Proceeding

V. Nature of Suit: 440 Other Civil Rights

VI. Cause of Action: 42 U.S.C. s 1983. Excessive force, false arrest and failure to train, supervise and discipline.

VII. Requested in Complaint
Class Action: No
Dollar Demand: Monetary
Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: /s/ Richard A. Duffin
Date: 11/13/2003

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm    10/8/2003

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In the Matter of

EMILY W. STILES

v.

CITY OF CHICAGO, a municipal corporation, and CHICAGO POLICE OFFICER CLAY WALKER, individually and in his official capacity.

Case Number: **03C 8137**

DOCKETED NOV 14 2003

FILED NOV 13 03 3:28 PM U.S. DISTRICT COURT CLERK

JUDGE BUCKLO

MAGISTRATE JUDGE LEVIN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff Emily W. Stiles

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: [signed] |
| NAME: Richard A. Duffin | NAME: Shyam N.S. Dixit, Jr. |
| FIRM: Duffin & Dixit, LLP | FIRM: Duffin & Dixit, LLP |
| STREET ADDRESS: 53 W. Jackson Blvd., Suite 1501 | STREET ADDRESS: 53 W. Jackson Blvd., Suite 1501 |
| CITY/STATE/ZIP: Chicago, IL 60604 | CITY/STATE/ZIP: Chicago, IL 60604 |
| TELEPHONE: 312-566-0911 / FAX: 312-566-0913 | TELEPHONE: 312-566-0912 / FAX: 312-566-0913 |
| E-MAIL: rduffin@duffindixit.com | E-MAIL: sdixit@duffindixit.com |
| IDENTIFICATION NUMBER: 6255870 | IDENTIFICATION NUMBER: 6272145 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☑ NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE / FAX: | TELEPHONE / FAX: |
| E-MAIL: | E-MAIL: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |